# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | |
|---|---|
| TERRY T. WILLIAMS | CIVIL ACTION NO. 06-385 |
| VS. | SECTION P |
| TERRY TERRELL, WARDEN | JUDGE MINALDI |
| | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. §2254) filed on March 8, 2006, by *pro se* petitioner Terry T. Williams. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Allen Correctional Center (ACC), Kinder, Louisiana, where he is serving a thirty year sentence imposed by the Thirtieth Judicial District Court, Vernon Parish in 1992.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons, it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** as time barred by the provisions of 28 U.S.C. §2244(d).

## STATEMENT OF THE CASE

The petition, memorandum, exhibits, and the presumptively reliable published jurisprudence of the State of Louisiana establish the following relevant facts:

1. Petitioner was convicted of Distribution of Cocaine on May 14, 1992. On September 23, 1992, he was adjudicated an habitual offender pursuant to LSA R.S.15:529.1. On December 7, 1992, he was sentenced to serve thirty years at hard labor. [Doc. 1-4, p. 2];

2. On June 2, 1993, his conviction and sentence were affirmed by the Third Circuit Court of Appeals in an unpublished opinion. *State of Louisiana v. Terry T. Williams*, 92-01425 (La. App. 3d Cir. 6/2/1993), 621 So.2d 219 (Table);

3. On October 8, 1993, the Louisiana Supreme Court denied writs. *State of Louisiana v. Terry T. Williams*, 625 So.2d 1047 (La. 10/8/1993);

4. On August 5, 2004, petitioner filed an Application for Post-Conviction Relief in the Thirtieth Judicial District Court raising the following claim, "An unlawfully and unconstitutionally obtained sentence is a violation of the Eighth Amendment of the United States Constitution. The Eighth Amendment which forbids cruel and unusual punishment, contains a 'narrow proportionality principle' that 'applies to non-capital sentences.' Sentence is disproportionate and excessive that it violates the Eighth Amendment's prohibition against cruel and unusual punishment." Petitioner also argued that he had "the right in accordance with recent ruling by United States Supreme Court in *Blakely v. Washington*, 124 S.Ct. 2531, that a jury determine his sentence to serve." [See Exhibit A, Application for Post-Conviction Relief, Doc. 1-3, pp. 2-9].

On September 1, 2004, the district court denied the application for post-conviction relief and stated,

> The two year period allowed under Louisiana law to file post-conviction relief applications has long since elapsed. However, it appears that the petitioner is seeking to file this application under the provisions of the post-conviction statute that allow a defendant to file within one year of a higher court declaring a new rule or principle of law. He now claims that the *Blakely* ruling is the basis for this otherwise untimely filing. ...
>
> In *Blakely*, the U.S. Supreme Court dealt with a Washington state

case wherein the sentencing judge enhanced the sentence based
upon a finding of facts in that particular offense.

Conversely, in the instant case, the petitioner was sentenced based
upon his prior felony convictions. This was done only after a
petition was filed by the District Attorney, a hearing was held, and
he was adjudicated an habitual offender under Louisiana law.

Thus, the court finds that the *Blakely* case and its ruling are not
applicable to the habitual offender proceedings in this case.
The petitioner's application is therefore, untimely and is dismissed.
Exhibit B, Court's Ruling, Doc. 1-3, p. 10.

5. On September 22, 2004, petitioner filed a Petition for Supervisory Writs in the Third Circuit Court of Appeals. Petitioner argued, "The trial court committed grave error when it denied Petitioner's Application for Post-Conviction Relief pursuant to a new ruling in United States Supreme Court's holding in *Blakely v. Washington*, 124 S.Ct. 2531. In that it deprived him of his Federal Constitutional Right to have a jury determine beyond a reasonable doubt all facts legally essential to his sentence." [Exhibit C, Petition for Supervisory Writs, Doc. 1-3, pp. 11-16].

On November 19, 2004 the Third Circuit denied writs and found,

> Relator's application for post-conviction relief was untimely filed.
> Relator fails to prove that *Blakely v. Washington*, 124 S.Ct. 2531
> (2004) applies to his case, and thereby fails to prove that it is an
> exception to the two-year prescriptive period for filing an
> application for post-conviction relief. See La. Code Crim.P. art.
> 930.8(A)(2) ... Additionally, sentencing claims are precluded from
> review on post-conviction. See *State v. Moore*, 93-1632 (La. App.
> 3d Cir. 5/4/94), 640 So.2d 561, *writ denied*, 94-1455 (La. 3/30/95),
> 651 So.2d 858, and *State ex rel. Melinie v. State*, 93-1380 (La.
> 1/12/96), 665 So.2d 1172, reconsideration denied, 93-1380 (La.
> 2/16/96), 667 So.2d 1043.
> *State of Louisiana v. Terry T. Williams*, No. KH 04-01322 (La.
> App. 3d Cir. 11/19/2004). Exhibit D, Doc. 1-3, p. 17.

3

6. On or about March 30, 2005, petitioner applied for a writ of *certiorari* in the Louisiana Supreme Court. [Exhibit E, Application for Writ of *Certiorari*, doc. 1-3, pp. 18-28]. On February 10, 2006, the Supreme Court denied writs citing La. C.Cr.P. art. 930.8, *State ex rel. Glover v. State*, 93-2330 (La. 9/5/95), 660 So.2d 1189; La. C.Cr.P. art. 930.3; *State ex rel. Melinie v. State*, 93-1380 (La. 1/12/96), 665 So.2d 1172." *State of Louisiana ex rel. Terry T. Williams v. State of Louisiana*, 2005-KH-1336 (La. 2/10/2006). [Exhibit F, Doc. 1-3, p. 29]; and,

7. Petitioner signed his federal *habeas corpus* petition on February 23, 2006. He argues two grounds for relief: "Petitioner's conviction was obtained in violation of the Sixth Amendment . . . in that petitioner had suffered the improper action by trial court as to ineffective advise and or assistance of his counsel" and "Pursuant to a new rule, petitioner's sentence, as imposed, is in violation of the Eighth Amendment . . . in that it is excessive ..." [Doc. 1-4, p. 3].

## **LAW AND ANALYSIS**

### **1. Limitations Reckoned from Finality of Judgment/Grace Period**

Petitioner's judgment of conviction and sentence "became final by the conclusion of direct review or the expiration of the time for seeking such review" in January 1994, ninety days after the Louisiana Supreme Court denied writs on direct review. [See Supreme Court Rule 13; *Ott v. Johnson*, 192 F.3d 510 (5th Cir. 1999)(The state court judgment is not final for *habeas* purposes until the 90 day period for filing a *writ of certiorari* to the United States Supreme Court has expired.)] The AEDPA, and the timeliness provision codified at § 2241(d), took effect on April 24, 1996. However, the limitation periods provided by the statute cannot be applied retroactively to bar claims by petitioners whose convictions were final prior to the effective date of AEDPA. *United States v. Flores,* 135 F.3d 1000, 1006 (5th Cir. 1998). Such petitioners are

afforded a one-year grace period, or until April 24, 1997, to file an application for writ of *habeas corpus* in federal court. *Coleman v. Johnson,* 184 F.3d 398, 401 (5th Cir. 1999); *Flanagan v. Johnson,* 154 F.3d 196 (5th Cir. 1998); *Villegas v. Johnson,* 184 F.3d at 469 (5th Cir. 1999); *Flores, supra*. If the petition is not filed within the one-year grace period, the courts are to apply the statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) which provides that the time during which a properly filed application for post-conviction relief was pending is state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Coleman, supra; Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998).

Petitioner's application for post-conviction relief was filed well beyond the expiration of the grace period afforded to petitioners whose judgments became final prior to the effective date of the AEDPA. He claims to have filed a post-conviction proceeding at some unspecified date prior to the date he filed his second application. [Exhibit A, doc. 1-3, p. 3]. Nevertheless, in order to have tolled the limitations period, petitioner would have had to file his first application for post-conviction relief prior to the expiration of the grace period, and that petition would have had to remain pending until the date he filed his federal petition. This scenario is highly unlikely. In any event, even if it is assumed that his first application for post-conviction relief were properly filed and remained pending until the date he filed his second Application for Post-Conviction Relief (again, an unlikely scenario), his present *habeas* petition would still be untimely. As noted above, petitioner filed his second application for post-conviction relief on

5

August 5, 2004. This application remained pending until February 10, 2006, when it was ultimately rejected by the Louisiana Supreme Court. The three courts which considered the application – the Thirtieth Judicial District Court, the Third Circuit Court of Appeals, and the Louisiana Supreme Court – concluded that it was untimely under Louisiana law. Since petitioner's post-conviction application was determined to be time-barred under Louisiana law it was therefore not "properly filed" so as to toll the running of the limitations period. See *Pace v. DiGuglielmo*, 544 U.S. 408 125 S.Ct. 1807, 161 L.Ed.2d 669 (Apr 27, 2005) (A petitioner's state post-conviction petition, which was rejected by the state court as untimely under state statute of limitations, was not "properly filed," within the meaning of the statutory tolling provision of the AEDPA and thus could not toll the limitations period.)

## 2. Limitations Reckoned from Date of Newly Recognized Right

Petitioner virtually concedes (as he must) that his present petition is time barred when the limitations period is reckoned under the provisions of §2244(d)(1)(A) and the jurisprudentially crafted "grace period." Anticipating rejection on that ground, his pleadings imply that the limitations period should be reckoned from the "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to case on collateral review." [see §2244(d)(1)(C)]. Petitioner argues that the limitations period should be reckoned from June 24, 2004, the date that the Supreme Court decided the case of *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). He contends that in *Blakely*, the Supreme Court recognized a new right and made it retroactive on collateral review. As noted by the district court and the Third Circuit Court of Appeals, *Blakely* clearly does not apply to the facts of

6

petitioner's case; the Supreme Court has never held that multiple offender adjudications must be conducted before a jury. In fact, in the case of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the Supreme Court specifically held, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435.

The Court reiterated this rule in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) and *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), in both cases recognizing an exception for prior convictions and habitual offender adjudications. Thus, under *Apprendi/Booker/Blakely* the defendant's prior convictions were not required to be submitted to a jury in the context of an habitual offender proceeding. Regardless, petitioner cannot rely on the statutory tolling provision of §2244(d)(1)(C) because the Supreme Court did not make its holding in *Blakely* retroactive to cases on collateral review. See *U.S. v. Edwards*, --- F.3d ----, 2006 WL 477116 (5th Cir. Mar 01, 2006) ("This argument is foreclosed before this court by *United States v. Gentry*, 432 F.3d 600, 605 (5th Cir.2005), and *In re Elwood*, 408 F.3d 211, 212-13 (5th Cir.2005) (per curiam), both of which hold that the *Blakely/Booker* line of cases does not apply retroactively to cases on collateral review."); *In re Elwood*, 408 F.3d 211, 212 (5th Cir. Apr 28, 2005) ("... the Supreme Court has strongly suggested that *Apprendi* and, by logical extension, *Blakely* and *Booker* do not apply retroactively on collateral review. See *Schriro v. Summerlin*, 542 U.S. 348, 124 S.Ct. 2519, 2526, 159 L.Ed.2d 442 (2004) (holding that *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), which extended application of *Apprendi* to facts increasing a defendant's sentence from life imprisonment to

death, does not apply retroactively to cases on collateral review).);" Compare, *Jaubert v. Dretke*, 2004 WL 1923893 (N.D.Tex. Aug 27, 2004) at fn 3, "Furthermore, the *Blakely* decision does not appear to be retroactive to cases on collateral review. The Supreme Court did not suggest that its holding would apply retroactively. See generally *Blakely*, --- U.S. at ---- - ----, 124 S.Ct. at 2539-43. The Eleventh Circuit Court of Appeals recently issued an opinion finding that *Blakely* was not applicable to cases already final, and that opinion is instructive: '[T]he same day the Supreme Court decided *Blakely*, the Court also issued its decision in *Schiro v. Summerlin*, --- U.S. ----, 124 S.Ct. 2519, 159L.Ed.2d 442, 2004 WL 1402732 (U.S. June 24, 2004), holding that *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), which extended application of *Apprendi* to facts increasing a defendant's sentence from life imprisonment to death, is not retroactive to cases on collateral review. *Schiro*, --- U.S. ----, 124 S.Ct. 2519, 159 L.Ed.2d 442, 2-4 WL 1402732, at ----4-7; see also *Blakely*, --- U.S. ----, at ----, 124 S.Ct. 2531, 159 L.Ed.2d 403, at ----, 2004 WL 1402697, at *16 (O'Connor, J. dissenting) (recognizing the Court's holding in *Summerlin* 'that *Ring* (and *a fortiori Apprendi* ) does not apply retroactively on habeas review')."

### 3. Conclusion

Petitioner's *habeas corpus* petition is time-barred and he cannot rely on the statutory tolling provision of §2244(d)(1)(C).

**ACCORDINGLY,**

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

8

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 2nd day of May, 2006.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE